# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2715-21

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

W.P.,

     Defendant-Appellant.

_____

        Submitted March 19, 2024 – Decided April 5, 2024

        Before Judges Paganelli and Whipple.

        On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Indictment No. 19-06-0847.

        Jennifer Nicole Sellitti, Public Defender, attorney for appellant (Laura B. Lasota, Assistant Deputy Public Defender, of counsel and on the brief).

        Bradley D. Billhimer, Ocean County Prosecutor, attorney for respondent (Samuel J. Marzarella, Chief Appellate Attorney, of counsel; William Kyle Meighan, Supervising Assistant Prosecutor, on the brief).

PER CURIAM

Defendant appeals from a March 3, 2022 amended judgment of conviction after a trial for first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(1); second-degree sexual assault, N.J.S.A. 2C:14-2(b); and second-degree endangering, N.J.S.A. 2C:24-4(a)(1). We affirm defendant's conviction, but remand for a more detailed sentencing analysis.

Defendant raises the following issues on appeal:

> I. BECAUSE THE POLICE UNDERMINED THE SIGNIFICANCE OF THE MIRANDA[1] WARNINGS DURING DEFENDANT'S INTERROGATIONS, THE TRIAL COURT ERRED WHEN IT RULED THAT DEFENDANT'S STATEMENTS WERE ADMISSIBLE.
>
>> A. Defendant Was in Custody for Purposes of Miranda During Both Interrogations.
>>
>> B. Defendant's Waiver and Statements Were Not Voluntarily Provided Because the Detectives Made Comments That Undermined His Miranda Warnings.
>
> II. THE IMPROPER ADMISSION OF J.M.'S [2] UNRELIABLE OUT-OF-COURT STATEMENTS REGARDING SEXUAL ABUSE DENIED

---

[1] Miranda v. Arizona, 384 U.S. 436, 479 (1966).

[2] We utilize the parties' initials pursuant to Rule 1:38-3(c)(9).

DEFENDANT HIS RIGHTS TO DUE PROCESS
AND A FAIR TRIAL.

A. The Statements Were Inadmissible
Under N.J.R.E. 803(c)(27)—The Tender
Years Exception.

B. J.M.'s Statements to E.M.R. Were
Inadmissible as a Present Sense
Impression Under N.J.R.E. 803(c)(1) or as
an Excited Utterance Under N.J.R.E.
803(c)(2).

III. THE TRIAL COURT ERRED WHEN IT
IMPOSED A CONSECUTIVE SENTENCE
WITHOUT FIRST CONDUCTING THE REQUIRED
ANALYSIS OUTLINED IN STATE V.
YARBOUGH.[3]

We discern the following facts from the record. On February 5, 2018, defendant was at home, helping his eleven-year-old stepdaughter, J.M., with her homework at the dining room table while his wife and J.M.'s mother worked in the kitchen. When her mother finished in the kitchen, she left to go to her bedroom. After ten or fifteen minutes, she realized the voices from the dining room had gotten quiet, so she went to investigate. The mother discovered that the lights had been turned off, her daughter's chair was turned to face away from the table, and defendant was on his knees in front of her daughter with his head between her legs. J.M.'s mother verbally confronted

_____

[3] State v Yarbough,100 N.J. 627, 643-44 (1985).

3

defendant and removed her daughter to the bedroom, where she shut and locked the door.

Once inside the bedroom, the mother asked J.M. "how long has this been going on?" and other related questions, eventually gleaning defendant had touched J.M. inappropriately during the prior month. According to J.M., defendant had touched her genital area twice with his hand over her clothing or her underwear and, that evening, had moved her clothing aside to touch her bare genital area with his mouth. After a few hours, the mother called 9-1-1, and police responded to the house.

That night, J.M. and her mother were driven to the Jackson Police Department. Defendant drove himself there in his own car. The Jackson Police then transported all three—defendant separately from the others—to the Ocean County Prosecutor's Office, where they were interviewed. Detective Alexander Bromley, assisted by a Spanish-speaking member of the Lakewood Township Police Department, led the interviews. Detective Bromley first interviewed J.M.'s mother and then defendant. After the mother's interview, she and J.M. were transported to Community Medical Center for a forensic medical examination. J.M. was forensically interviewed on February 7, 2018, by Detective Sandra Rodriguez of the Ocean County Prosecutor's Office.

A-2715-21

After defendant's recorded interview on February 6, 2018, he was free to leave. The detectives advised defendant, however, he was not permitted to return home, and he needed to avoid contact with J.M. and her mother. Defendant returned to the Jackson Township Police Department on February 9, 2018, for a scheduled polygraph examination conducted by the New Jersey State Police. After being informed he had failed the polygraph, defendant admitted that his mouth made skin-to-skin contact with J.M.'s genital area.

Defendant was arrested and later indicted. Defendant moved pretrial to suppress his statements based on questions of <u>Miranda</u> waiver; the trial court held a hearing and denied the motion. The State moved to admit J.M.'s recorded statement to a detective under the tender years exception to hearsay, N.J.R.E. 803(c)(27), which motion the trial court granted.

A jury trial ensued. On the first day of trial, the court granted the State's motion to admit J.M.'s statements to her mother, pursuant to N.J.R.E. 803(c)(27). J.M. and her mother both testified, as did Detectives Bromley, Rodriguez, and Jillian Marin. Family nurse practitioner Melinda Moyer and New Jersey State Police forensics scientist Allison Lane also testified. Defendant did not testify or present any witnesses.

A-2715-21

On October 1, 2021, the jury found defendant guilty of all charges. The trial court sentenced defendant to an aggregate forty years in custody. This appeal timely followed.

We review a trial court's denial of a motion to suppress for an abuse of discretion. State v. Sims, 250 N.J. 189, 218 (2022). Trial judges are entrusted with "a wide latitude of judgment, and, therefore, the trial court's evidentiary ruling will not be upset unless there has been a clear error of judgment." Ibid. Similarly, "a trial court's factual findings in support of granting or denying a motion to suppress must be upheld when 'those findings are supported by sufficient credible evidence in the record.'" State v. S.S., 229 N.J. 360, 374 (2017) (quoting State v. Gamble, 218 N.J. 412, 424 (2014)). We review legal questions de novo. State v. L.H., 239 N.J. 22, 47 (2019).

"When faced with a trial court's admission of police-obtained statements, an appellate court should engage in a 'searching and critical' review of the record to ensure protection of a defendant's constitutional rights." Ibid. (quoting State v. Hreha, 217 N.J. 368, 381-82 (2014)). If we then determine they "are based on sufficient credible evidence in the record," we generally "defer to a trial court's factual findings concerning the voluntariness of a confession." Ibid. (citing State v. Elders, 192 N.J. 224, 244 (2007)).

"Considerable latitude is afforded a trial court in determining whether to admit evidence, and that determination will be reversed only if it constitutes an abuse of discretion." State v. Feaster, 156 N.J. 1, 82 (1998). Specifically, a court's

> determination of reliability or trustworthiness sufficient to allow admission of evidence [under N.J.R.E. 803(c)(27)] should not be disturbed unless, after considering the record and giving deference owed to the court's credibility findings, it is apparent that the finding is "clearly a mistaken one and so plainly unwarranted that the interests of justice demand intervention and correction."
>
> [State v. P.S., 202 N.J. 232, 250-51 (2010) (quoting State v. Locurto, 157 N.J. 463, 471 (1999)).]

We review a sentence imposed by a trial court narrowly, utilizing an abuse of discretion standard. State v. Blackmon, 202 N.J. 283, 297 (2010).

Defendant argues the statements he made to law enforcement officials on February 6, and February 9, 2018, were procured in violation of his right against self-incrimination. "The right against self-incrimination is guaranteed by the Fifth Amendment to the United States Constitution and this [S]tate's common law, now embodied in statute, N.J.S.A. 2A:84A-19, and evidence rule, N.J.R.E. 503." S.S., 229 N.J. at 381-82 (quoting State v. Nyhammer, 197 N.J. 383, 399 (2009)). The State bears the burden of proving "beyond a

reasonable doubt that the suspect's waiver was knowing, intelligent, and voluntary in light of all the circumstances." State v. A.M., 237 N.J. 384, 397 (2019). We apply a "totality of the circumstances" analysis in considering whether a defendant's statement was "the product of an essentially free and unconstrained choice" or whether "the defendant's will [was] overborne and [their] capacity for self-determination critically impaired." State v. Dorff, 468 N.J. Super. 633, 644 (App. Div. 2021) (first alteration in original) (quoting State v. P.Z., 152 N.J. 86, 113 (1997)).

We conclude defendant's statements were legally obtained and admissible, as defendant was subject to custodial interrogation, and he knowingly, intelligently, and voluntarily waived his Miranda rights before speaking with officials.

Defendant asserts, "despite not being under arrest or handcuffed," he was in custody and, therefore, subject to custodial interrogation for the purposes of Miranda when he made the disputed statements. This point is not at issue, however, as the trial court implicitly agreed defendant was in custody for purposes of Miranda during his two interviews.

Defendant argues several comments made by detectives during each interrogation undermined the importance of defendant's Miranda rights such

that his <u>Miranda</u> waivers and subsequent statements were rendered involuntary. Defendant contends that when a detective stated during his February 6 interrogation, "what we talk about in here stays in here," the detective was suggesting his statements would remain confidential. The trial court was correct in finding the officers were, in fact, "inform[ing] defendant that anything discussed would not be disclosed to the victim's mother." During that same interview, a detective asserted that "[t]hese things aren't the end of the world. It's not the crime of the century[.]" Defendant argues such offense minimization undermines the voluntariness of his statements. Although the <u>L.H.</u> Court relied on the minimization of an offense to support their finding of involuntariness, in that case, "the detectives repeatedly minimized the nature and gravity of . . . defendant's alleged offenses—intimating that his conduct was amenable to counseling and rehabilitation." 239 N.J. at 48. Here, the detectives did not repeatedly minimize defendant's offense and did not pair it with an implication that it may receive minimal punishment.

The trial court found "<u>Miranda</u> was complied with in this case and . . . defendant was advised of and waived his Constitutional rights . . . prior to giving any statement." Having undertaken a "searching and critical" review of the record, we discern no abuse of discretion.

A-2715-21

Defendant next challenges the admission of J.M.'s out-of-court statements, claiming they are unreliable hearsay. Hearsay is "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." N.J.R.E. 801. "Hearsay is not admissible except as provided by these rules or by other law." N.J.R.E. 802. Certain statutory exceptions to the hearsay rule allow the admission of statements made under conditions that either suggest their reliability or permit for their reliability to be tested. See N.J.R.E. 803. The exceptions at issue in this case include the tender years exception, N.J.R.E. 803(c)(27); the exception for a present sense impression, N.J.R.E. 803(c)(1); and the excited utterance exception, N.J.R.E. 803(c)(2). The tender years exception allows admission of a statement by a child under twelve relating to sexual misconduct when the proponent notifies the adverse party of their intent to use the statement, the court finds "there is a probability that the statement is trustworthy," and either "the child testifies at the proceeding" or "the child is unavailable . . . and admissible evidence corroborat[es] the act of sexual abuse." N.J.R.E. 803(c)(27).

Defendant argues J.M.'s out-of-court statements were not sufficiently trustworthy to be admissible under the tender years exception. We disagree.

The trial court found J.M.'s statement to her mother was spontaneous and consistent. Additionally, nothing in the record indicated J.M.'s mental state led her to mischaracterize defendant's conduct; the terminology J.M. used was expected of a child of similar age; and there was no evidence J.M. had any motive to fabricate her statement. The trial court also determined J.M. was competent to testify at trial, pursuant to N.J.R.E. 601, she understood the difference between truth and a lie, she was "well[-]spoken and sure of herself," and "[t]here was no indication to the [c]ourt that J.M. was being untruthful."

Regarding J.M.'s statement to Detective Rodriguez, the trial court found it "appeared to be made spontaneously and without prompting or suggestion from [Detective] Rodriguez, who asked open-ended questions"; "the account was consistently repeated"; "J.M. appeared calm throughout the interview"; and "J.M. had nothing to gain in fabricating these incidents and no evidence of animus towards defendant has ever been argued." The trial court explicitly rejected defendant's assertions that "J.M.'s statement is not trustworthy based on time, content, and circumstances" or that "J.M.'s mother told her what to say in the time between the incident and the interview with [Detective] Rodriguez." The trial court found, based on the totality of the circumstances, J.M.'s statement was sufficiently trustworthy to be admitted under the tender

11

years hearsay exception, N.J.R.E. 803(c)(27).

The trial court must "'consider the totality of the circumstances' in determining whether the statement is sufficiently trustworthy to warrant its admission." State in Int. of A.R., 234 N.J. 82, 103 (2018) (citing P.S., 202 N.J. at 249). Relying on the United States Supreme Court's decision in Idaho v. Wright, 497 U.S. 805, 821-22 (1990), our Supreme Court has identified "a non-exclusive list of factors relevant to evaluating the reliability of out-of-court statements made by child victims of sexual abuse, including spontaneity, consistent repetition, mental state of the declarant, use of terminology unexpected of a child of similar age, and lack of motive to fabricate." A.R., 234 N.J. at 103–04 (quoting P.S., 202 N.J. at 249). "In reviewing a trial judge's finding that a child's statement meets the trustworthiness requirement of N.J.R.E. 803(c)(27), appellate courts affirm unless the judge's determination amounted to an abuse of discretion." P.S., 202 N.J. at 250.

Based on our review, the trial court appropriately analyzed J.M.'s statements for trustworthiness, and sufficient credible evidence exists in the record to support the decision to admit J.M.'s statements under the tender years hearsay exception. Therefore, we need not reach defendant's hearsay arguments under N.J.R.E. 803(c)(1) or (2).

12

Finally, defendant seeks review of his sentence on the basis the sentencing court violated "guidelines for sentencing established by . . . the courts" in Yarbough and State v. Torres, 246 N.J. 246 (2021). In Yarbough, our Supreme Court outlined factors a sentencing court must consider in deciding whether sentences will be imposed concurrently or consecutively. 100 N.J. at 643-44. In Torres, the Court emphasized a sentencing court must also provide an "explanation of its evaluation of the fairness of the overall sentence." 246 N.J. at 270.

Here, we agree the trial court did not provide an "explicit statement, explaining the overall fairness of [the] sentence imposed." See id. at 268. Further, in the brief statement provided, the trial court relied on the care-taking relationship defendant had with J.M. when the abuse was perpetrated. The trial court found defendant "took care of [J.M.] on a daily basis," he was "helping her with her homework[,] which was something [he] routinely did," and he had "ingrained [him]self in her life as someone she could depend on and would be there to guide her." This closely mirrors the third element of the endangerment charge as related to the jury—"defendant had a legal duty for the care of the child[] or had assumed responsibility for the care of the child." Thus, the trial court improperly justified imposing consecutive sentences using

"factors relied on to sentence a defendant to the maximum term for [an] offense."  State v. Miller, 108 N.J. 112,122 (1987).

Due to the insufficient statement on the overall fairness of imposing consecutive sentences and the apparent double-counting of aggravating elements already accounted for in the endangerment charge, we are constrained to remand to the trial court for further analysis of the Yarbough factors and an explicit statement of overall fairness pursuant to Torres.

Affirmed in part, remanded in part for further proceedings consistent with this opinion.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION